```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LUIS OROZCO, on behalf of himself and                       :
others similarly situated,                                  :
                                                            :
                              Plaintiff,                    :   MEMORANDUM DECISION AND
                                                            :   ORDER
             - against -                                    :
                                                            :   21-cv-2792 (BMC)
SAN ANTONIO BAKERY, INC. d/b/a SAN                          :
ANTONIO RESTAURANT AND BAKERY,                              :
RUBEN GUZMAN, and ELIZABETH                                 :
SANTANA,                                                    :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff worked as a baker for the corporate defendant San Antonio Bakery. He alleges that the corporate defendant and its defendant owner-operators failed to pay him wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and corresponding provisions of the New York Labor Law ("NYLL"), §§ 190 and 650 et seq. Before me is plaintiff's motion for a default judgment. With one adjustment set forth below, the motion is granted.

According to his complaint and declaration in support of his motion for a default judgment, plaintiff worked for the defendant bakery starting in approximately 2005 and continuing through December 30, 2020. He worked 12 hours per day, six days per week. From 2015 until 2017, he was paid a fixed salary of $600 per week; in 2018 and 2019, he was paid $700 per week; and in 2020, he was paid $800 per week.[1]

---

[1] The complaint and motion for a default judgment are not consistent as to plaintiff's termination date. In the complaint, plaintiff alleges that he worked until March 4, 2021, and that he worked only 48 hours per week in 2021.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. Plaintiff's declaration constitutes adequate proof of his damages. There is no point in having him appear to repeat his hours and conditions of work as set forth in his declaration. The complaint also contains sufficient allegations as to the individual defendants' management of the bakery and control over setting plaintiff's wages.

Plaintiff seeks five categories of damages under the New York Labor Law and its regulations.[2] Specifically, he seeks (1) unpaid overtime under 12 N.Y.C.R.R. § 146-1.4.;

---

In the motion for a default judgment, however, plaintiff's declaration, the memorandum of law, and the damages calculation all assert that plaintiff worked until only December 30, 2020. I understand the motion for a default judgment to have corrected the complaint, so I will use the earlier termination date.

[2] Plaintiff makes nominal reference to the FLSA, but that statute gets him nothing in this case except a jurisdictional hook into federal court. His damages under New York law exceed the FLSA in every category. Curiously, plaintiff asserts a "willful" violation of the FLSA to get the benefit of its three-year rather than two-year statute of limitations, but since the statute of limitations on his state law claims is six years, he doesn't need the FLSA for that; indeed, he has computed his damages back to 2015, which he could not do under the FLSA.

(2) liquidated damages under N.Y. Labor Law § 663(1); (3) damages for failure to provide a time-of-hiring wage notice under N.Y. Labor Law § 195(1); (4) damages for failure to provide wage statements under N.Y. Labor Law § 195(3); and (5) prejudgment interest under N.Y. C.P.L.R. § 5001(b).

I reject plaintiff's attempt to recover prejudgment interest on all amounts due. Interest is appropriate as to unpaid overtime, but it is not appropriate on liquidated damages or time-of-hiring notice and wage statement damages. See Dionicio de Jesus Morales v. Stalwart Group Inc., No. 20-cv-3950, 2021 WL 3774145 at *5 (S.D.N.Y. Aug. 24, 2021).

In addition, plaintiff seeks recovery of attorneys' fees in the amount of $5,025. That is based on 16.75 hours of attorney time at $300 per hour. The amount of time and the rate are reasonable based on comparable rates charged for this kind of case in this district. Requested costs of $400 for the filing fee and $150 for service of process costs are also reasonable.[3]

Accordingly, plaintiff's damages are allowed as follows:

| ELEMENT OF DAMAGES | AMOUNT |
|---|---|
| Unpaid overtime | $197,760 |
| Prejudgment interest at 9% from the midpoint of employment | $58,856.62 |
| Liquidated damages | $197,760 |
| Time-of-hiring notice violation | $5,000 |
| Wage statement violation | $5,000 |
| Attorneys' fees and costs | $5,575 |
| TOTAL | $469,951.62 |

Plaintiff's motion for a default judgment [16] is granted to the extent set forth above.

---

[3] Although counsel has requested $6,384 in attorneys' fees and costs, the items listed add up to only $5,575.

3

The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $473,316.25.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
September 6, 2021